Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 CR 852-6 | DATE | AUGUST 5, 2004 |
| CASE TITLE | UNITED STATES OF AMERICA v. PEITZ, et al. (Def. Monica M. Iles) | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Iles's motion to amend judgment [375] is denied. This order is without prejudice to defendant following Bureau of Prisons administrative procedures for seeking to modify the amount of her funds that are to be credited to restitution.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 05 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 380 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 8/5/2004 date mailed notice | |
| cw | courtroom deputy's initials | Date/time received in central Clerk's Office | mqm mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 01 CR 852-6 |
| MONICA M. ILES, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Following her conviction on eight counts of wire fraud involving a fraudulent investment scheme, defendant Monica Iles was sentenced to 78 months' incarceration to be followed by three years' supervised release. Iles was also ordered to pay an $800 assessment and $11,109,970 in restitution. The combined amount was ordered to be paid in a lump sum payment due immediately. Iles was sentenced on April 30, 2003 and surrendered on September 9, 2003.

On June 9, 2004, Iles filed her "motion to amend judgment" in which she requests that the order of restitution be modified so that restitution is not due until after she is released from incarceration. Iles represents that, in the past, she has received approximately $350 per month in gifts from friends and her daughters. She represents that her daughters continue to or are willing to continue to send her approximately

$200 per month. However, the Bureau of Prisons ("BOP") credits approximately $145 per month of these payments toward restitution. It is unclear whether she means $145 of the $200 from her daughters or $145 when she received $350. It is conceded that the BOP is acting in accordance with applicable regulations. Iles contends she needs her daughters' money for purchasing necessities and that, while her daughters are willing to help support her, they are not necessarily willing to make contributions toward restitution payments. Iles requests that the payment of additional restitution be postponed so she can receive the full amount of the gifts from her daughters.

The government opposes the motion. The government contends that it is for the BOP, not the court, to decide how monetary gifts to prisoners are to be allocated. The government also contends that plaintiff must first exhaust her administrative remedies with the BOP before bringing a habeas corpus petition pursuant to 28 U.S.C. § 2241.

The government misconstrues the nature of defendant's motion. Iles is not alleging that the BOP has acted improperly. Neither is defendant attempting to challenge the amount of restitution that was imposed. Iles is instead attempting to modify the court-ordered payment schedule for paying the restitution that was imposed. In accordance with 18 U.S.C. § 3664(k), motions to modify the term of payment for restitution may be brought before the district court. Cani v. United States,

331 F.3d 1210, 1215-16 (11th Cir. 2003). Section 3664(k) provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

Based on changed financial circumstances, a court may modify the requirement that restitution be paid immediately and instead require that payment begin after the defendant's release from custody. See, e.g., United States v. Bowles, 2003 WL 21396691 (S.D.N.Y. June 16, 2003).

Defendant has not shown a change of her financial circumstance. The presentence report indicated that defendant had previously received gifts and loans from friends to help her support herself, including to support herself following a prior conviction. Gifts of a few hundred dollars a month while incarcerated are not unusual or unexpected. The report that defendant's daughters are willing to provide her gifts of $200 a month does not qualify as a material change in defendant's economic circumstances. Without such a change, no basis exists for modifying the prior order that restitution is due

immediately. See Cani, 331 F.3d at 1216. Since no material change is found to have occurred, it was not necessary to send notice to victims prior to ruling on the proposed modification.

IT IS THEREFORE ORDERED that defendant Iles's motion to amend judgment [375] is denied. This order is without prejudice to defendant following Bureau of Prisons administrative procedures for seeking to modify the amount of her funds that are to be credited to restitution.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 5, 2004